STATE OF VERMONT

ENVIRONMENTAL COURT

In re Appeals of  }
  Gilles Moreau, d/b/a  }                    Docket Nos.32-3-99 Vtec
     M&M Beverage, Inc. and  }               and 229-11-99  Vtec
     GVA Corp., d/b/a Discount Beverage  }
                                          }

Decision and Order on Motions for Summary Judgment

Appellant Gilles Moreau appealed from a decision of the Development Review Board (DRB) of the Town of Brattleboro, denying his application for a conditional use permit.  Appellant is represented by Richard D. Perra, Esq.;  the Town of Brattleboro is represented by Robert M. Fisher, Esq.   The parties have cross-moved for summary judgment.

Appellant applied for a conditional use permit to install a 15,000 gallon underground fuel tank, three fuel pumps, a 24' by 28' canopy and related signage, on property in the Suburban Commercial zoning district.  The property already contained an existing discount beverage store and its associated parking and storage shed.  The cover letter stated that the application was submitted under the conditional use category of "Road Service-Automobile Repair Garage."  The Zoning Administrator denied the application on the basis that the proposed use constituted an "Automobile Service Station," which he determined is not a permitted or conditional use within the Suburban Commercial zoning district.  The Development Review Board upheld Zoning Administrator's denial; the appeal of  that decision is Docket No. 32-3-99 Vtec.

Appellant then sought conditional use approval pursuant to §§2322 and 5200 of the Zoning Ordinance, which delineate the procedures for obtaining approval for uses not otherwise provided for in the Ordinance.  The DRB denied this application on the basis that the proposed use is provided for as a conditional use in the Commercial zoning district and therefore does not qualify for consideration as a "use not provided for" under §§2322 and

1

5210; the appeal of that decision is Docket No. 229-11-99 Vtec.

The problem presented by these appeals arises from the fact that the potentially-applicable use categories defined in §6100 of the Zoning Ordinance overlap with but are not the same as the terms used in the lists and chart of permitted and conditional uses in the zoning ordinance.

The use category "Automobile Service Station" is defined as "Land or structures used for the sale of petroleum products, motor fuel, oil or other fuel for the propulsion of motor vehicles, which may include facilities for lubricating, washing or servicing motor vehicles.  A service station is not a sales or repair agency for any type of motor vehicle." An automobile service station must sell fuel and can also lubricate, wash or service vehicles, but cannot repair or paint them. The use category "Gasoline Station" is included in this category and is merely defined by reference as "See <u>Automobile Service Station</u>."

The use category "Automobile Service Station and Repair Garage" is defined as "Land or structures used for the sale of petroleum products, motor fuel, oil or other fuel for propulsion of motor vehicles, which may include facilities for lubricating, washing or servicing motor vehicles, and the maintenance, servicing, repairing or painting of vehicles." An 'automobile service station and repair garage' must sell fuel and can also perform all the services  of a repair garage, including repairing or painting vehicles.

The use category "Repair Garage" is defined as "Any building, premises and/or land in which or upon which a business, service or industry involving the maintenance, servicing, repair or painting of vehicles is conducted or rendered."  A repair garage can repair and paint vehicles, as well as lubricate, wash, maintain and service them, but cannot sell fuel. The term "Repair Garage" is not modified in the definition by the word "Automotive" or "Automobile."

The term "Automotive[1] Services" is not defined in §6100, but it is used in the text of the ordinance and the chart of uses to cover all three categories: "Automobile Service

---

[1]  From the context of the ordinance, we will treat the words "automobile," "automotive" and "auto" as equivalent in the use category titles, although it would be far better practice for the ordinance to use the defined terms in the regulation itself.

2

Station," "Repair Garage," and "Automobile Service Station and Repair Garage." It is not a redundant term, because it allows any of the three uses and can be used in place of listing all three.

In the text of the ordinance, of the automotive types of uses only "Automotive Repair Garage" is allowed as a conditional use in the Suburban Commercial zoning district. In the Commercial District "Automotive Services" and "Auto Service Station and Repair Garage" are allowed as permitted uses. In the Commercial Industrial district none of these automotive uses is provided for. In the Industrial district only "Repair Garage" is allowed as a conditional use.

However, the Chart of Uses found as Appendix A to the Zoning Ordinance shows "Auto Service Station and Repair Garage" as a conditional use in the Suburban Commercial zoning district.

Appellant's proposal falls within the categories: "Automobile Service Station" and "Automobile Service Station and Repair Garage." Because fuel will be sold, it does not fall within the category "Repair Garage."

Docket No. 229-11-99 Vtec

Appellant argues that he is entitled to apply for approval under §§2322 and 5200 of the Zoning Ordinance, which set forth a procedure the requirements for permits for uses not otherwise provided for (in the Zoning Ordinance). In order to apply under those sections, the proposed use must not be specified in the ordinance as either a permitted or a conditional use in any zoning district, and must not be listed as a prohibited use.

However, the proposed use falls within two defined categories: "Automobile Service Station" and "Automobile Service Station and Repair Garage." It is allowed as a permitted use in at least the Commercial zoning district. Therefore, §§5200 and 2322 do not apply.

Accordingly, based on the foregoing, in Docket No. 229-11-99 Vtec the Town's Motion for Summary Judgment is GRANTED and Appellant's Motion for Summary Judgment is DENIED, concluding this appeal in favor of the Town. Appellant does not qualify to apply under §§5200 and 2322 of the ordinance, as the proposal is at least a permitted use in the Commercial District.

3

However, the Zoning Ordinance contains the following ambiguity or conflicting provisions applicable to Appellant's proposed project. In §2349, the use category "Automobile Repair Garage" is listed as a conditional use in the Suburban Commercial zoning district, but neither of the fuel service categories: "Automobile Service Station" or "Automobile Service Station and Repair Garage" is listed as either a permitted or a conditional use. On the other hand, in the Chart of Uses contained in Appendix A of the Zoning Ordinance, the use category "Auto Service Station and Repair Garage" is listed as a conditional use in the Suburban Commercial District. In the Chart of Uses, "Repair Garage" does not appear as a conditional use in the Suburban Commercial zoning district at all; it only appears as an allowed use in the Industrial zoning district.

This ambiguity must be resolved in favor of the property owner, to allow Appellant to apply for the proposed project as a conditional use in the Suburban Commercial zoning district, most importantly because the use category "Auto Service Station and Repair Garage" is listed in the Chart of Uses as a conditional use in the Suburban Commercial district. Further ambiguity is inherent in the apparent distinction made in the Zoning Ordinance between "Repair Garage" listed as a conditional use only for the Industrial district, and "<u>Automobile</u> Repair Garage" listed as a conditional use for the Suburban Commercial district.

The Supreme Court has consistently held that because zoning ordinances are in derogation of common law property rights, in construing zoning and other land use regulations any uncertainty must be decided in favor of the property owner." <u>In re Appeal of Miserocchi</u>, Docket No. 99-166 (Vt. Supreme Ct., January 28, 2000); <u>In re Appeal of Weeks</u>, 167 Vt. 551, 555-56 (1998).

Accordingly, based on the foregoing, in Docket No.32-3-99 Vtec, Appellant's Motion for Summary Judgment is GRANTED and the Town's Motion for Summary Judgment is DENIED. Appellant is entitled to apply for approval of the proposed project as a conditional use in the Suburban Commercial district. This matter is concluded in this Court and Appellant's application is remanded to the DRB for consideration under the conditional

4

use criteria.

Done at Barre, Vermont, this 27th day of June, 2000.

_____
Merideth Wright
Environmental Judge